IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC GROVER,<br><br>    *Plaintiff*,<br><br>v.<br><br>VA GENERAL COUNSEL, U. S. GOVERNMENT,<br><br>    *Defendant*. | Civil Action No. 2:20-cv-173<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, District Judge

  Plaintiff Marc Grover ("Grover"), acting *pro se*, brings this action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 18 U.S.C. § 2671. In his Complaint, Grover alleges, "[b]lood transfusion infection in 2001 paperwork was hid from me wasn't revealed until 2018 by Allegh. County Health Dept." (ECF No. 3, p. 4). According to Grover, he received tainted blood at the Veterans Administration Medical Center (VAMC) in Pittsburgh during a December 2001 admission. Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. (ECF No. 8). The Court provided notice to Grover that it might convert the motion to dismiss into a motion for summary judgment, and it permitted Grover the opportunity to submit materials to oppose summary judgment. (ECF No. 12). The matter is fully briefed and ripe for disposition by the Court.

### **STANDARD OF REVIEW**

  A motion to dismiss filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this Court must accept the allegations in the Complaint as true and view them in the light most favorable to a plaintiff, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Defendant requested the Court consider evidence outside of the pleadings. Consequently, the Court notified the parties that it was contemplating converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Grover was afforded the opportunity to submit materials to oppose summary judgment, and he did so. (ECF Nos. 14 and 16). Therefore, the motion to dismiss will be treated by the Court as a motion for summary judgment.

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided in order to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255.

## ANALYSIS

Defendant has met its burden of showing the absence of a genuine, material dispute and that it is entitled to summary judgment pursuant to Fed. R. Civ. P. 56. The Court has thoroughly reviewed the record before it and concludes that the evidence submitted conclusively establishes that Grover failed to timely exhaust his administrative remedies prior to the filing of this action. Because Grover's administrative tort claim was untimely under § 2401(b), Grover's claim before the Court is time-barred. Therefore, Defendant is entitled to judgment as a matter of law.

The FTCA allows private individuals to bring suits against the United States for torts committed by its employees acting within the scope of their employment. *See Bialowas v. United States*, 443 F.2d 1047, 1048-49 (3d Cir. 1971). Under the FTCA, the United States may be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA "specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act." *Bialowas*, 443 F.2d at 1049. A federal district court addressing a FTCA action is required to apply the law of the state in which the alleged tortious conduct occurred,

which, in this case is Pennsylvania. 28 U.S.C. § 1346(b); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2000).

Defendant argues that the Court should grant summary judgment in its favor because Grover failed to timely exhaust his administrative remedies prior to the filing of this action. Pursuant to 28 U.S.C. § 2401(b), an administrative claim must be submitted to an agency within two years after the claim accrues. *See Bialowas* 443 F.2d at 1049 (a claimant must abide by the strict time lines codified in 28 U.S.C. § 2401(b) or its tort claim under the FTCA will be "forever barred."). The determination of when a claim has accrued under the FTCA for statute of limitations purposes is governed by federal law and not state law. *Miller v. Phila. Geriatric Center*, 463 F.3d 266, 270 (3d Cir. 2006). The claim accrues "when a plaintiff knows of both the existence and the cause of his injury." *Id.* at 272. "[A] claim of medical malpractice under the FTCA accrues when a plaintiff possesses the facts such that, as a reasonable person, he or she should have known of the malpractice." *Young v. Temple Univ. Hosp.*, 2019 WL 5569510, *7 (E.D. Pa. 2019) (citing *United States v. Kubrick*, 444 U.S. 111, 119–122 (1979)).

On June 10, 2019, Grover filed an administrative tort claim with the Department of Veterans Affairs, and it was denied on August 13, 2019. Defendant argues that Grover's administrative tort claim was untimely under § 2401(b), and "it is apparent that as early as January 2002, Grover suspected and believed that he had contracted Hepatitis C, as a result of the December 2001 transfusion." (ECF No. 9, p. 11). However, Defendant gives Grover the benefit of the doubt and, based on the various medical records and sworn testimony of Grover presented as exhibits, argues that Grover possessed sufficient facts and should have known on or before December 2012 of both the fact of his Hepatitis C and that he allegedly contracted it as a result of the December 2001 blood transfusion.

The Court agrees with Defendant. Based on its review of the record, at the latest date, Grover's claim accrued in December of 2012. Grover's administrative tort claim was untimely under § 2401(b) when he filed it almost seven years later in June of 2019.

This determination, however, does not end the inquiry as the FTCA's statute of limitations may be subject to equitable tolling. *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015) ("[E]quitable tolling is available in suits against the Government."); *see also Hedges v. United States*, 404 F.3d 744, 748 (3d Cir. 2005) ("federal courts apply equitable tolling to wide range of cases against the Government, including FTCA claims."). Equitable tolling requests are judged by exacting standards and mere excusable neglect is insufficient. *Id.* at 751. "'[A] plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim.'" *Santos ex. Rel. Beato v. United States,* 559 F.3d 189, 197 (3d Cir. 2009) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "Equitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Jones v. United States*, 366 F. App'x 436, 439–40 (3d Cir. 2010) (*quoting Hedges*, 404 F.3d at 751). As the Third Circuit Court of Appeals has noted, "[t]he principles of equitable tolling thus do not extend to 'garden-variety claims of excusable neglect.' The remedy of equitable tolling is extraordinary, and we extend it 'only sparingly.'" *Santos*, 559 F.3d at 197-98 (citations omitted).

There are no facts in the record before the Court that Defendant actively misled Grover as to his cause of action. In *Hedges*, the Third Circuit explicitly refused to hold that a government agency "has an affirmative duty to inform litigants, including *pro se* litigants, that they have

5

viable judicial, as well as administrative remedies." *Hedges*, 404 F.3d at 752. The Third Circuit explained that "we are unwilling to place such a responsibility on the Government which has inquiries from millions of individuals each year." *Id.* Since Grover is not entitled to equitable tolling on this ground, he had to demonstrate that he was prevented "in some extraordinary way" from asserting his rights or that he exercised due diligence in pursuing and preserving his claim. *Menominee Indian Tribe v. United States*, –– U.S. ––, 136 S.Ct. 750, 755 (2016). Neither of these circumstances exist. While Grover alleges that some of his medical records were withheld from him until 2018 that show his 2001 blood infusion infection, the Court cannot ascertain what records he is speaking of and the fact of the matter is that Grover should have known on or before December 2012 both of his Hepatitis C and that he allegedly contracted it as a result of the December 2001 blood transfusion. The evidence of record does not reveal any "cover up" of his medical records as Grover would like the Court to believe. Equitable tolling is not appropriate.

In sum, it is evident that Grover acted outside of the two-year limitations period. In the circumstances of this case, the Court concludes that Grover has presented a "garden-variety claim[ ] of excusable neglect," not an extraordinary circumstance that warrants equitable tolling. *Santos*, 559 F.3d at 197 (citing *Irwin*, 498 U.S. at 96). No evidence of record before the Court indicates that there is a factual dispute regarding Grover's failure to file his administrative tort claim within the two-year limitations period. In other words, there is no genuine dispute that Grover's administrative tort claim was untimely; it was filed almost seven years late. Because Grover's claim before the Court is clearly time-barred, Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss or, in the alternative, a motion for summary judgment. (ECF No. 8). Orders of Court will follow.

BY THE COURT:

*/s/ William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Oct. 30, 2020
Date